IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| BRIAN CLIFF SUNIGA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| BOBBY LUMPKIN, Director, | ) | Capital Case |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner Brian Cliff Suniga, by undersigned counsel, respectfully asks that the Court appoint co-counsel to represent Mr. Suniga in federal habeas corpus proceedings pursuant to 18 U.S.C. § 3599(a)(2): (1) the Federal Community Defender Office for the Eastern District of Pennsylvania ("FCDO"), which will assign the matter to Shawn Nolan, Chief of the FCDO's Capital Habeas Unit ("CHU"), and (2) private attorney Gretchen Sween (SBOT 24041996). Ms. Sween will not request compensation for this representation. In support of this request, Mr. Suniga sets forth the following:

1.  In May 2014, Mr. Suniga was convicted of capital murder and sentenced to death under Texas law in the 140th District Court, Lubbock County. The conviction and sentence were ultimately affirmed by the Texas Court of Criminal Appeals in Petitioner's direct appeal. *Suniga v. State*, 2019 Tex. Crim. App. Unpub. LEXIS 128 (Tex. Crim. App. Mar. 6, 2019) (unpublished). Thereafter, the Supreme Court denied a petition for writ of certiorari. *Suniga v. State*, 140 S. Ct. 375 (2019).

2. On June 8, 2022, the Texas Court of Criminal Appeals denied Mr. Suniga's application for state post-conviction relief. *Ex parte Suniga*, No. WR-86,575-01, 2022 Tex. Crim. App. Unpub. LEXIS 286 (Tex. Crim. App. June 8, 2022) (per curiam) (unpublished).

3. Mr. Suniga has been deemed indigent throughout his state court proceedings. He has been incarcerated since December 2011 and currently resides on Texas's death row. Therefore, he is still indigent and entitled to the appointment of counsel under 18 U.S.C. § 3599(a). He has never had his constitutional claims for relief assessed by a federal court and has a statutory right to the assistance of counsel in order to prepare and present those claims. *See* 18 U.S.C. § 3599(e); *McFarland v. Scott*, 512 U.S. 849, 857-58 (1998).

4. Mr. Suniga was initially represented by the Texas Office of Capital and Forensic Writs ("OCFW") in state habeas proceedings pursuant to Texas Code of Criminal Procedure, Article 11.071, with Gretchen Sween, then Senior Post-Conviction Attorney, serving as his lead counsel. When Ms. Sween left the OCFW to reenter private practice, the Honorable Brad Underwood, then presiding over the state habeas proceeding, granted a motion permitting the OCFW to withdraw and appointing Ms. Sween as substitute counsel. Ms. Sween has continued to represent Mr. Suniga through his evidentiary hearing and the denial of his application for state habeas relief. Ms. Sween is able and willing to continue to represent Mr. Suniga in his federal habeas proceedings but cannot discharge the duties associated with a section 3599 appointment without co-counsel. Moreover, the superior experience of the FCDO in federal capital habeas proceedings warrants that the FCDO be appointed, with Shawn Nolan as lead counsel.

5. The FCDO's CHU specializes in capital habeas corpus litigation under 28 U.S.C. § 2254. Mr. Nolan is the unit's Chief. He has been licensed to practice in Pennsylvania since 1989 and has exclusively handled capital post-conviction cases for the past twenty years. He currently

represents other death-sentenced prisoners in Texas in their habeas litigation pursuant to 28 U.S.C. § 2254. Mr. Nolan will also assign additional attorneys from the FCDO's CHU as needed to assist with Mr. Suniga's representation.

6. The FCDO is recognized by the Administrative Office of the United States Courts (AO) as a Community Defender Organization pursuant to 18 U.S.C. § 3006A of the Criminal Justice Act. *See* Addendum to the Plan for the Implementation of the Criminal Justice Act of 1964, as amended, 18 U.S.C. § 3006A, of the United States District Court for the Eastern District of Pennsylvania. Since 1995, the FCDO has received a sustaining grant from the Administrative Office of the United States Courts to represent death-sentenced prisoners in federal habeas corpus proceedings. Because of its sustaining grant, the FCDO will not request from this Court any funds for attorney fees, investigation or travel expenses, expert witness expenses (should expert witnesses be needed), or any other expenses.

7. The FCDO advises, however, that it must, in accordance with protocol, request approval from the Administrative Office of the United States Courts, Defender Services Office, in order to seek an out-of-district representation. Pursuant to the Defender Services Office's out-of-district appointment protocol, Chief Judge Priscilla Richman of the United States Court of Appeals, Fifth Circuit, has been notified of the potential appointment of the FCDO and will be provided with the opportunity to raise any questions or concerns. The FCDO has submitted its request to the Defender Services Office, which, in light of the urgency of Mr. Suniga's situation, will proceed with all possible speed. Still, the protocol affords the Chief Judge two weeks from the date of the Defender Services Office's notification to respond.

8. Because the FCDO is awaiting administrative approval from the Defender Services Office for this request, Mr. Suniga requests that the Court appoint the FCDO, conditioned and

effective upon receipt of that approval. The FCDO will promptly notify the Court upon the Defender Services Office's response to its request.

9. The FCDO has been appointed to represent petitioners in a number of capital federal habeas corpus cases in the District Courts for the Eastern, Western, Southern and Northern Districts of Texas. *See e.g., Granger v. Davis*, 1:17-cv-00291 (E.D. Tex.); *Cole v. Davis*, No. 4:17-cv-00940 (S.D. Tex.), *Tabler v. Stephens*, No. 6:10-cv-00034 (W.D. Tex.); *Mullis v. Stephens*, No. 3:13-cv-00121 (S.D. Tex.); *Brewer v. Stephens*, No. 2:15-cv-00050 (N.D. Tex.); *Luna v. Stephens*, No. 5:15-cv-00451 (W.D. Tex.); *Balentine v. Stephens*, No. 2:03-cv-00039 (N.D. Tex.); *Daniel v. Davis*, No. A-17-cv-1069-LY (W.D. Tex.). The FCDO also currently represents two federal capital post-conviction litigants in the District Court for the Eastern District of Texas, *United States v. Agofsky*, No. 1:07-cv-005111 (E.D. Tex.); *United States v. Ebron*, No. 1:08-cr-00036 (E.D. Tex.).

10. Capital post-conviction litigation requires specialized knowledge and experience. *See, e.g.*, 18 U.S.C. § 3599(d) (acknowledging the unique and complex nature of capital habeas litigation); *McFarland*, 512 U.S. at 856-57 (noting that "this Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master") (quoting *Murray v. Giarratano*, 492 U.S. 1, 28 (1989)). FCDO attorneys possess such specialized knowledge and experience. Since 1995, the FCDO has represented scores of death-sentenced prisoners in federal district courts, the Courts of the Appeals, and the United States Supreme Court. Its capital lawyers have litigated five substantive cases before the United States Supreme Court: *Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Beard v. Kindler*, 558 U.S. 53 (2009); and *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016). Its lawyers have served on the faculties of death-penalty and/or habeas corpus training

seminars for numerous organizations and entities including, *inter alia*, the Administrative Office of the United States Courts Habeas Corpus Training and Assistance Project, the National Institute for Trial Advocacy, the NAACP Legal Defense & Educational Fund, the American Bar Association Death Penalty Representation Project, the Pennsylvania Bar Institute, the National Association of Criminal Defense Lawyers, and the Pennsylvania Association of Criminal Defense Lawyers.

11. The qualifications of attorneys of the FCDO's Capital Habeas Unit more than meet the qualifications for counsel outlined in 18 U.S.C. § 3599(c) and (d), and they are willing to accept appointment.

12. Although the Northern District of Texas has a Capital Habeas Unit in Dallas, the Dallas Capital Habeas Unit cannot represent Mr. Suniga due to a conflict. Additionally, the Capital Habeas Unit in the Western District of Texas has also notified undersigned counsel that they are not in a position to accept an appointment in this case at this time.

13. Several circumstances compel Mr. Suniga to seek appointment of both Ms. Sween and the FCDO under the Criminal Justice Act and 18 U.S.C. § 3599(a)(1). First, Ms. Sween can provide continuity of counsel and an expedited assessment of the current record and the investigation that the OCFW was unable to pursue, while the FCDO has the requisite resources that Ms. Sween, as a solo practitioner, lacks. Second, the statute of limitations, 28 U.S.C. § 2244(d)(1), began running against Mr. Suniga on June 8, 2022. Third, Ms. Sween will be able to serve as local counsel for the FCDO and support client communication in light of her seven-year relationship with Mr. Suniga at this juncture. As noted above, Ms. Sween will not request compensation for her representation.

14. Although Ms. Sween does not have the depth of federal habeas experience found in the FCDO, her practice has been focused almost exclusively on capital post-conviction representation since late 2015, and she has previously been appointed pursuant to 18 U.S.C. § 3599 in the Northern District.

15. Upon appointment, the FCDO will arrange for Mr. Suniga to receive investigative and expert services, and it will be unnecessary for this Court to provide for those services under 18 U.S.C. §§ 3599(f) and (g)(2).

16. Mr. Suniga has requested that the FCDO and Ms. Sween be appointed to represent him. *See United States v. Gonzalez-Lopez*, 126 S. Ct. 2557 (2006) (affirming, *inter alia*, the accused's constitutional right to choice of counsel).

17. Mr. Nolan's contact information is as follows:

Shawn Nolan
Chief, CHU
Federal Community Defender Office
for the Eastern District of Pennsylvania
The Curtis
601 Walnut Street - 545 W
Philadelphia, PA. 19106
215-928-0520
Shawn_Nolan@fd.org

Ms. Sween's contact information is as follows:

Gretchen Sims Sween, Ph.D., J.D.
Attorney & Counselor at Law
PO Box 5083
Austin, TX 78763-5083
214.557.5779 (phone)
512.548.2089 (fax)
gsweenlaw@gmail.com

WHEREFORE, Petitioner Suniga respectfully asks that this Court enter an order appointing the Federal Community Defender Office for the Eastern District of Pennsylvania and

Gretchen Sween to represent Mr. Suniga in federal habeas corpus proceedings as counsel pursuant to 18 U.S.C. § 3599(a)(2). A proposed order is attached.

Dated: June 23, 2022

        Respectfully submitted,

        /s/

Gretchen Sims Sween
Texas Bar #: 24041996
PO Box 5083
Austin, TX 78763-5083
214.557.5779 (phone)
512.548.2089 (fax)
gsweenlaw@gmail.com

Shawn Nolan
Pa Bar #: 56535
Federal Community Defender Office for the Eastern District of Pennsylvania
The Curtis
601 Walnut Street - 545 W
Philadelphia, PA. 19106
215-928-0520
Shawn_Nolan@fd.org

Agreed to by:[1]

Jeremy Schepers
Supervisor, Capital Habeas Unit
Office of the Federal Public Defender
Norther District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
Jeremy_schepers@fd.org

---

[1] The local rules for the Northern District of Texas require that the CHU within the Federal Public Defender in this district ensure the appointment of counsel for habeas applicants whose claims will be pursued in this district within 15 days of the denial of relief by the Texas Court of Criminal Appeals in state capital habeas proceedings. *See* Section XIV.F.2. Pursuant to that rule, the CHU in the Northern District of Texas agrees to this motion, confirming that it is unable to accept appointment in this particular case.

## CERTIFICATE OF SERVICE

On June 23, 2022, a copy of the foregoing motion was served upon the Office of the Texas Attorney General by United States mail at the following address:

Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548

In addition, a courtesy copy of this motion was served upon Edward L. Marshall, Chief, Criminal Appeals Division, Office of the Texas Attorney General via electronic mail at edward.marshall@texasattorneygeneral.gov.

                                            /s/
                                      Gretchen Sims Sween