IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

_____

|  |  |
|---|---|
| BRIAN CLIFF SUNIGA, | |
| Petitioner, | Civil Action No. 5:22-CV-00124-H |
| v. | |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice, Corrections Institutions Division, | |
| Respondent. | |

**NOTICE OF INTERVENTION BY THE UNITED STATES AND BRIEF
IN RESPONSE TO CERTIFIED CONSTITUTIONAL QUESTION**

NICOLE M. ARGENTIERI
Principal Deputy Assistant Attorney
General

LISA H. MILLER
Deputy Assistant Attorney General

DAVID M. LIEBERMAN
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ George M. Padis*
GEORGE M. PADIS
Assistant United States Attorney
Texas Bar No. 24088173
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
214.659.8645
Fax: 214.659.8807
george.padis@usdoj.gov

*Attorneys for Nonparty Intervenor the
United States of America*

TABLE OF CONTENTS

I.   PROCEDURAL HISTORY ................................................................................. 1

II.  STATUTORY FRAMEWORDK ......................................................................... 2

III. ARGUMENT & AUTHORITIES ....................................................................... 4

    A.   Section 2254(d)(1) does not encroach on the federal judiciary's Article III powers. ..... 4

        1.   Section 2254(d)(1)'s remedial limitation is consistent with historical restrictions on federal habeas relief for state prisoners. ................... 5

        2.   Section 2254(d)(1) is also consistent with numerous well-established doctrines. .... 7

        3.   Section 2254(d)(1) does not infringe on the courts' Article III power. .................... 8

    B.   *Loper Bright*'s holding has no bearing on Section 2254(d)(1)'s constitutionality under Article III. ................................................................................. 9

    C.   In all respects, Supreme Court precedent requires lower court adherence to Section 2254(d)(1). ................................................................................. 12

    D.   Suniga's contrary arguments lack merit. ................................................... 13

IV.  CONCLUSION ................................................................................................. 16

## TABLE OF AUTHORITIES

### Cases

*Allen v. McCurry*,
    449 U.S. 90 (1980) ................................................................... 7

*Anderson v. Creighton*,
    483 U.S. 635 (1987) ................................................................ 7

*Brady v. Maryland*,
    373 U.S. 83 (1986) ................................................................. 1

*Brown v. Allen*,
    344 U.S. 443 (1953) ............................................................... 6

*Case of Sewing Machine Cos.*,
    85 U.S. 553 (1874) ............................................................. 4–5

*Cobb v. Thaler*,
    682 F.3d 364 (5th Cir. 2012) ............................... 4, 6–8, 14, 16

*Consumers' Rsch. v. Consumer Prod. Safety Comm'n*,
    91 F.4th 342 (5th Cir. 2024) ................................................ 12

*Crater v. Galaza*,
    491 F.3d 1119 (9th Cir. 2007) ............................................... 8

*Evans v. Thompson*,
    518 F.3d 1 (1st Cir. 2008) ..................................................... 8

*Ex parte Bollman*,
    8 U.S. 75 (1807) ............................................................. 2, 14

*Ex parte Dorr*,
    44 U.S. 103 (1845) ................................................................ 5

*Ex parte Suniga*
    No. WR-86,575-01, 2022 WL 2064609 (Tex. Crim. App. June 8, 2022) ............... 1

*Felker v. Turpin*,
    518 U.S. 651 (1996) ......................................................... 2, 5–6

*Green v. French*,
    143 F.3d 865 (4th Cir. 1998) ............................................ 8–10

*Harrington v. Richter*,
562 U.S. 86 (2011) .......................................................................... 8, 11

*Hill v. United States*,
368 U.S. 424 (1962) ............................................................................ 7

*Jones v. Hendrix*,
599 U.S. 465 (2023) ............................................................................ 6

*Lindh v. Murphy*,
96 F.3d 856 (7th Cir. 1996) ............................................................ 2, 6, 8

*Lockyer v. Andrade*,
538 U.S. 63 (2003) ........................................................................... 3–4

*Lonchar v. Thomas*,
517 U.S. 314, (1996) .......................................................................... 2

*Loper Bright Enterprises v. Raimondo*,
144 S. Ct. 2244 (2024) ................................................................. passim

*Marbury v. Madison*,
5 U.S. 137 (1803) ........................................................................... 8, 14

*McCleskey v. Zant*,
499 U.S. 467 (1991) ......................................................................... 6–7

*Miller v. French*,
530 U.S. 327 (2000) ............................................................................ 5

*Miller-El v. Cockrell*,
537 U.S. 322 (2003) ........................................................................... 14

*Nevada v. Jackson*,
569 U.S. 505 (2013) ........................................................................... 12

*Nix v. Williams*,
467 U.S. 431 (1984) ............................................................................ 7

*Palmore v. United States*,
411 U.S. 389 (1973) ............................................................................ 4

*Plaut v. Spendthrift Farm, Inc.*,
514 U.S. 211 (1995) ............................................................................ 5

*Reed v. Farley*,
    512 U.S. 339 (1994) ................................................................................ 7

*Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*,
    490 U.S. 477 (1989) .............................................................................. 12

*Shinn v. Ramirez*,
    596 U.S. 366 (2022) ................................................................. 10, 12, 14

*Shoop v. Cunningham*,
    143 S. Ct. 37 (2022) ............................................................................. 15

*Stone v. Powell*,
    428 U.S. 465 (1976) ................................................................................ 7

*Suniga v. State*,
    No. AP-77,041, 2019 WL 1051548 (Tex. Crim. App. Mar. 6, 2019) ...................... 1

*Teague v. Lane*,
    489 U.S. 288 (1989) ................................................................................ 7

*United States v. Leon*,
    468 U.S. 897 (1984) ................................................................................ 7

*United States v. Cotton*,
    535 U.S. 625 (2002) ................................................................................ 6

*Uttecht v. Brown*,
    551 U.S. 1 (2007) ............................................................................ 11–12

*Wainwright v. Sykes*,
    433 U.S. 72 (1977) ........................................................................... 7, 10

*Williams v. Taylor*,
    529 U.S. 362 (2000) .............................................. 2–3, 5, 8, 11–12, 15

*Yarborough v. Alvarado*,
    541 U.S. 652 (2004) ................................................................................ 3

*Zivotovsky ex rel. Zivotovsky v. Kerry*,
    576 U.S. 1 (2014) ................................................................................... 6

## Statutes Rules, and Other Authorities

5 U.S.C. § 706 ........................................................................................... 9

28 U.S.C. § 1738 ........................................................................................... 7

28 U.S.C. § 2254(d)(1) ........................................................................... passim

Fed. R. Civ. P. 5.1(c) ..................................................................................... 1

*Act of Feb. 5, 1867*,
    ch. 28, 14 Stat. 385 (1867) ...................................................................... 5

*Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)*,
    Pub. L. 104-132, 110 Stat. 1214 (1996) ............................................. 2, 5, 7, 11–13

*Judiciary Act of 1789*,
    ch. 20, 1 Stat. 73 (1789) ......................................................................... 5

Petitioner Brian Cliff Suniga, a state prisoner seeking federal habeas corpus relief, challenges the constitutionality of 28 U.S.C. § 2254(d)(1) in the wake of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). The Court certified this constitutional question and invited intervention by the United States. *See* ECF No. 59. The United States now intervenes to defend Section 2254(d)(1)'s constitutionality.[1] *See* Fed. R. Civ. P. 5.1(c) ("[T]he attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge.").

## I.   PROCEDURAL HISTORY

A jury in Lubbock County, Texas, found Suniga guilty of capital murder based on his killing of a pizza store employee in December 2012. After a penalty-phase proceeding, the jury voted to impose a capital sentence, and the trial court accordingly sentenced Suniga to death. The Texas Court of Criminal Appeals affirmed. *See Suniga v. State*, No. AP-77,041, 2019 WL 1051548 (Tex. Crim. App. Mar. 6, 2019). The state trial court subsequently denied Suniga's petition for habeas relief, and the Texas Court of Criminal Appeals affirmed. *See Ex parte Suniga*, No. WR-86,575-01, 2022 WL 2064609 (Tex. Crim. App. June 8, 2022).

Suniga then filed a federal petition for a writ of habeas corpus before this Court. He alleged ineffective assistance of counsel, prejudicial pretrial publicity, judicial misconduct, violations of *Brady v. Maryland*, 373 U.S. 83 (1986), Confrontation Clause

---

[1] The United States has also intervened in a pending Sixth Circuit appeal where a habeas petitioner has challenged Section 2254(d)(1)'s constitutionality on similar grounds. *See generally* Brief for the United States as Intervenor, *Sanders v. Plappert*, No. 16-6152 (6th Cir. Nov. 14, 2024).

violations, racial bias by the prosecuting attorney, and unconstitutional jury instructions. ECF No. 17.  In his reply, Suniga argued that the below statutory framework is unconstitutional in the wake of *Loper Bright*.  ECF No. 55.

This Court entered an order under Federal Rule of Civil Procedure 5.1(b) certifying the constitutional question and permitting intervention by the United States. ECF No. 59.  The United States intervenes and provides this response to the constitutional question certified by the Court.

## II.    STATUTORY FRAMEWORDK

The federal judiciary's authority to issue writs of habeas corpus is granted by statute, *see Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 94 (1807) (power to award writ "must be given by written law"), and "judgments about the proper scope of the writ are 'normally for Congress to make.'"  *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996)); *see Lindh v. Murphy*, 96 F.3d 856, 868 (7th Cir. 1996) (en banc) ("Collateral review of judgments … is subject to legislative control"), *rev'd on other grounds*, 521 U.S. 320 (1997).

In the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, "Congress placed a new restriction on the power of federal courts to grant writs of habeas corpus to state prisoners."  *Williams v. Taylor*, 529 U.S. 362, 399 (2000) (opinion of O'Connor, J.).  As relevant here, Section 2254(d)(1) prohibits a federal court from granting habeas relief to a state prisoner with respect to a claim that was adjudicated on the merits in state court unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

In *Williams v. Taylor*, the Supreme Court identified two categories of cases in which Section 2254(d)(1) authorizes a federal court to grant habeas relief to a state prisoner on a claim that has been resolved on the merits by a state court.  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  529 U.S. at 412-13.  And "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.

The Supreme Court has also made clear that Section 2254(d)(1) does not permit the federal court to issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Williams*, 529 U.S. at 411.  Rather, "[r]elief is available under § 2254(d)(1) only if the state court's decision is objectively unreasonable."  *Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004).  The Court also construed the phrase "clearly established Federal law, as determined by the Supreme Court of the United States" in Section 2254(d)(1), holding that "[t]hat statutory phrase refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Williams*, 529 U.S. at 412; *see Lockyer v.*

*Andrade*, 538 U.S. 63, 71-72 (2003) ("'clearly established Federal law'" under Section 2254(d)(1) is "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision").

## III.    ARGUMENT & AUTHORITIES

*Cobb v. Thaler*, 682 F.3d 364 (5th Cir. 2012) forecloses Suniga's constitutional attack on 28 U.S.C. § 2254(d)(1). In that case, the Fifth Circuit "reject[ed] [the prisoner's] argument that § 2254(d)(1) is unconstitutional under Article III." *Id*. at 377. *Cobbs* is controlling circuit authority, and nothing in *Loper Bright* abrogates that decision.

### A.    Section 2254(d)(1) does not encroach on the federal judiciary's Article III powers.

Congress's limitation of habeas relief in Section 2254(d)(1) to cases involving certain fundamental legal errors does not contravene Article III. The statute instead represents a proper exercise of Congress's authority to "limit[] the grounds on which federal courts may grant the habeas remedy to upset a state conviction." *Cobb*, 682 F.3d at 374.

Article III provides that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." Under Article III, "[t]he decision with respect to inferior federal courts, as well as the task of defining their jurisdiction, was left to the discretion of Congress." *Palmore v. United States*, 411 U.S. 389, 400-401 (1973); *see Case of Sewing Machine Cos.*, 85 U.S. (18 Wall.) 553, 578 (1874) ("[T]he distribution of the subjects of jurisdiction among such inferior courts as Congress may from time to time ordain and

establish, within the scope of the judicial power, always [has] been, and of right must be the work of the Congress").

Article III thus "'gives the Federal Judiciary the power … to decide'" cases. *Miller v. French*, 530 U.S. 327, 342 (2000) (quoting *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218-219 (1995)) (emphasis omitted).  But Congress still carries the responsibility for determining the scope of habeas relief under federal statute.  *See supra* pp. 2-3,.  And Section 2254(d)(1) reflects an appropriate limitation on that relief.  *See Williams*, 529 U.S. at 412 (Section 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus"); *Felker v. Turpin*, 518 U.S. 651, 662 (1996) (AEDPA "impos[ed] new requirements for the granting of relief to state prisoners").

1. **Section 2254(d)(1)'s remedial limitation is consistent with historical restrictions on federal habeas relief for state prisoners.**

Congress provided no general federal habeas corpus remedy for prisoners held in state custody until 1867.  In the Judiciary Act of 1789, ch. 20, 1 Stat. 73, the first Congress vested the federal courts with jurisdiction to issue writs of habeas corpus, but specifically excluded relief for prisoners confined under state authority.  *See Ex parte Dorr*, 44 U.S. (3 How.) 103 (1845).  In 1867, Congress for the first time authorized federal courts to grant the writ "in all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States." Act of Feb. 5, 1867, ch. 28, 14 Stat. 385.  At that time, however, habeas corpus relief could be granted only when the court that rendered judgment lacked jurisdiction.  *See*

*Jones v. Hendrix*, 599 U.S. 465, 483 (2023) ("[A]t the founding, a sentence after conviction by a court of competent jurisdiction was in *itself* sufficient cause for a prisoner's continued detention.") (internal quotation marks and citation omitted); *Cobb*, 682 F.3d at 375 ("[T]he common law understanding of the writ forbade reexamination of the judgments of criminal courts of competent jurisdiction.").

In later periods, the Supreme Court gradually expanded the notion of "jurisdictional" defects to include constitutional violations. *See United States v. Cotton*, 535 U.S. 625, 629-630 (2002); *McCleskey v. Zant*, 499 U.S. 467, 478 (1991). But "it was not until well into [the twentieth] century that [the] Court interpreted that provision to allow a final judgment of conviction to be collaterally attacked on habeas." *Felker*, 518 U.S. at 663 (citing *Waley v. Johnston*, 316 U.S. 101 (1942) (per curiam), and *Brown v. Allen*, 344 U.S. 443 (1953)).[2]

This lineage confirms that Section 2254(d)(1)'s restrictions on the habeas remedy comport with Article III. See *Zivotovsky ex rel. Zivotovsky v. Kerry*, 576 U.S. 1, 23 (2014) (explaining that the Supreme Court's "separation-of-powers cases … often put significant weight upon historical practice") (internal quotation marks and citation omitted). This Court "'would have to cast history to the winds to say that § 2254(d)(1), which respects fully-litigated judgments unless the state court has gone seriously wrong, transgresses constitutional limitations.'" *Cobb*, 682 F.3d at 377 (quoting *Lindh*, 96 F.3d at 873-874) (brackets omitted).

---

[2] Suniga's historical claim that federal habeas courts had "de novo" authority to review state-court criminal judgments "[s]ince 1789" is wrong. ECF No. 55, at 5-6.

### 2.   Section 2254(d)(1) is also consistent with numerous well-established doctrines.

As the Fifth Circuit has observed, "AEDPA is hardly unique . . . in limiting the availability of a remedy even for aggrieved individuals who may have legitimate federal constitutional claims." *Cobb*, 682 F.3d at 375; *see, e.g.*, *McCleskey*, 499 U.S. at 494-497 (abuse-of-the-writ limitation for second or subsequent habeas petitions); *Teague v. Lane*, 489 U.S. 288, 310 (1989) (new rules of constitutional procedure are not cognizable on federal habeas review); *Stone v. Powell*, 428 U.S. 465, 494-95 (1976) (Fourth Amendment claims for which state provided opportunity for full and fair litigation are not generally cognizable on federal habeas review); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (barring federal habeas review of procedurally defaulted claims absent a showing of cause and prejudice); *see also Reed v. Farley*, 512 U.S. 339, 348 (1994) (habeas relief is available for nonconstitutional "violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure'") (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)) (brackets omitted).[3]  Although these are judge-made doctrines, restrictions on federal courts' authority to redetermine constitutional questions can also be imposed by Congress.  *See* 28 U.S.C. § 1738; *cf. Allen v. McCurry*, 449 U.S. 90, 103 (1980) (rejecting, in case involving the applicability of the Full Faith

---

[3] Section 2254(d)(1) is also consistent with doctrines that restrict a federal court's authority to grant relief for constitutional violations in other contexts.  *See, e.g.*, *Anderson v. Creighton*, 483 U.S. 635 (1987) (qualified immunity to damages actions claiming that official action violated constitutional rights); *United States v. Leon*, 468 U.S. 897 (1984) (good-faith exception to Fourth Amendment exclusionary rule); *Nix v. Williams*, 467 U.S. 431 (1984) (inevitable-discovery doctrine); *see also Cobb*, 682 F.3d at 375 (citing other examples).

and Credit Act, the suggestion that the Constitution guarantees "every person asserting a

federal right … one unencumbered opportunity to litigate that right in a federal district

court, regardless of the legal posture in which the federal claim arises").

Given these historical data points and analogues, the Fifth Circuit in *Cobb*

correctly recognized that "Congress may constitutionally grant federal courts habeas

jurisdiction over collateral challenges to state convictions and yet limit the availability of

the remedy to exceptional circumstances." 682 F.3d at 376-377. That accords with

longstanding principle that "habeas corpus is a guard against extreme malfunctions in the

state criminal justice systems, not a substitute for ordinary error correction through

appeal." *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011) (internal quotation marks

and citation omitted).

### 3.    Section 2254(d)(1) does not infringe on the courts' Article III power.

Critically, Section 2254(d)(1) does not infringe upon the federal judiciary's power

to "say what the law is." *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803).

The statute instead "limits the grounds on which federal courts may grant the habeas

remedy to upset a state conviction." *Cobb*, 682 F.3d at 374. As a consequence, "'Section

2254(d) does not limit any inferior federal court's independent interpretive authority to

determine the meaning of federal law in any Article III case or controversy.'" *Ibid*.

(quoting *Green v. French*, 143 F.3d 865, 874-875 (4th Cir. 1998), overruled on other

grounds, *Williams*, *supra*.) (brackets omitted); *see also Evans v. Thompson*, 518 F.3d 1,

11 (1st Cir. 2008); *Crater v. Galaza*, 491 F.3d 1119, 1127 (9th Cir. 2007); *Lindh*, 96 F.3d

at 872 (7th Cir.). The Supreme Court stressed this very point in *Williams*. When

discussing Section 2254(d)(1)'s constraints on the habeas remedy, the Court reaffirmed that "'federal courts, even on habeas, have an independent obligation to say what the law is.'" 529 U.S. at 411 (citation omitted).

Suniga's contrary arguments (ECF No. 55, at 3-4) miss the distinction between a habeas court's authority to interpret federal law and its statutory power to grant habeas relief. Section 2254(d)(1) restricts only the latter.

B. ***Loper Bright*'s holding has no bearing on Section 2254(d)(1)'s constitutionality under Article III.**

Suniga's attack on Section 2254(d)(1)'s constitutionality using *Loper Bright* fails for multiple reasons.

First, the Court in *Loper Bright* addressed a statutory question—whether judicial review under the Administrative Procedure Act (APA) (5 U.S.C. § 706) mandates federal court deference to the agency's interpretation of the relevant statute. The federal habeas proceedings here, by contrast, are governed by a different statute: 28 U.S.C. § 2254(d)(1). The Court's effort in *Loper Bright* to interpret congressional intent under the APA does not, accordingly, guide the constitutional question here: whether Congress's enactment of Section 2254(d)(1) violates Article III.

Second, the Court in *Loper Bright* overruled *Chevron* deference for a federal agency's construction of a federal statute. Nothing in Section 2254(d)(1) similarly directs a federal court to defer to the state court's construction of a constitutional provision or federal statute. To the contrary, the federal court remains "free … to decide whether a habeas petitioner's conviction and sentence violate any constitutional rights." *Green*, 143

F.3d at 875.  Section 2254(d)(1) simply restricts the habeas *remedy* to the subset of cases where the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  Because that remedial restriction does not require federal court deference to the state court's constitutional or statutory constructions, it cannot be analogized to the (now-overruled) principle of *Chevron* deference.

Third, the Court's holding in *Loper Bright* focused on the relationship between federal agencies and the federal courts responsible for reviewing their acts.  In that setting, the Court concluded that "agencies have no special competence in resolving statutory ambiguities"; instead, "[t]he Framers … anticipated that courts would often confront statutory ambiguities and expected that courts would resolve them by exercising independent legal judgment."  144 S. Ct. at 2266.  Section 2254(d)(1), by contrast, addresses the relationship between state-court adjudications and the federal courts responsible for reviewing them on federal habeas review.  In this setting, "federal courts *must afford* unwavering respect to the centrality 'of the trial of a criminal case in state court.'"  *Shinn v. Ramirez*, 596 U.S. 366, 390 (2022) (quoting *Wainwright*, 433 U.S. at 90) (emphasis added).  The Supreme Court has explained that "[f]ederal courts, years later, lack the competence and authority to relitigate a State's criminal case."  *Id.*  This distinction further undermines Suniga's attempt to tether Section 2254(d)(1) to *Loper Bright*.

If anything, *Loper Bright* weighs against Suniga's constitutional challenge because the Court in *Loper Bright* acknowledged Congress's authority to legislate the scope and level of scrutiny of federal judicial review.  The Court affirmed that Congress retains

authority to expressly "authorize[]" agencies "to exercise a degree of discretion" with respect to their matters, including the discretion "to give meaning of a particular statutory term," "to prescribe rules to 'fill up the details' of a statutory scheme," and "to regulate subject to the limits imposed by a term or phrase that 'leaves agencies with flexibility.'" 144 S. Ct. at 2263 (citations omitted).  In such circumstance, "the role of the reviewing court" is "to recogniz[e] constitutional delegations, fix[] the boundaries of the delegated authority, and ensur[e] the agency has engaged in reasoned decisionmaking within those boundaries." *Id.* (internal quotation marks, brackets, and citations omitted).  The Court, however, concluded that Congress had "prescribe[d] no deferential standard for courts to employ in answering … legal questions" addressed by agencies in the first instance.  *Id.* at 2261; *see id.* at 2262 ("The text of the APA means what it says.").

AEDPA's text points in the opposite direction.  In it, Congress prescribed "binding[] directions to accord deference" to state-court adjudications.  *Uttecht v. Brown*, 551 U.S. 1, 10 (2007).  "[A] lack of deference to the state court's determination" would be "contrary to the purpose and mandate of AEDPA and to the now well-settled meaning and function of habeas corpus in the federal system."  *Harrington*, 562 U.S. at 104.  "The legislative history of § 2254(d)(1) … supports this interpretation."  *Williams*, 529 U.S. at 408 n.* (citing floor statements).  Finally, as documented, Section 2254(d)(1)'s limitations fully accord with the historical origins of federal habeas.  *See supra* pp. 5-7.  In this posture, this Court's task of discerning whether its state-court counterparts "engaged in reasoned decisionmaking within those boundaries" aligns fully with "the traditional conception of

the judicial function." *Loper Bright*, 144 S. Ct. at 2263 (internal quotation marks and citation omitted).

C.    **In all respects, Supreme Court precedent requires lower court adherence to Section 2254(d)(1).**

The Supreme Court's AEDPA case law independently forecloses Suniga's claim. As catalogued above, the Court in *Williams* recognized Section 2254(d)(1) as a restraint on federal courts' authority to issue habeas relief to state prisoners. *See supra* pp. 2-3. And the Court subsequently confirmed that Section 2254(d)(1) "requires" "substantial deference" to the state court's adjudication, *Nevada v. Jackson*, 569 U.S. 505, 512 (2013), and that AEDPA's directives are "binding" on federal courts conducting habeas review of state prisoner claims, *Uttecht*, 551 U.S. at 10; *see generally Shinn*, 596 U.S. at 377 ("To ensure that federal habeas corpus retains its narrow role, AEDPA imposes several limits on habeas relief, and we have prescribed several more.").

Any suggestion that *Loper Bright* silently overruled this long line of AEDPA decisions should be rejected out of hand. The Supreme Court has cautioned against such indulgences. *See Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). And Fifth Circuit case law follows that admonition. *See Consumers' Rsch. v. Consumer Prod. Safety Comm'n*, 91 F.4th 342, 355 (5th Cir. 2024) ("[T]he Supreme Court's decisions remain binding precedent until it sees fit to reconsider them, regardless

of whether subsequent cases have raised doubts about their continuing vitality.") (internal quotation marks, brackets, and citation omitted).  Accordingly, even if Suniga's *Loper Bright* attack on Section 2254(d)(1) carried some merit, it must be pressed to the Supreme Court in the first instance.

### D.    Suniga's contrary arguments lack merit.

*First*, Suniga argues that "AEDPA imposes the same harms as *Chevron*."  ECF No. 55, at 4.  That contention misunderstands *Loper Bright*'s overruling of *Chevron* as a constitutional decision; it was not.  The Supreme Court held that the *Chevron*-deference principle rested on a misinterpretation of the Administrative Procedure Act's judicial review provisions.  *See Loper Bright*, 144 S. Ct. at 2265 ("*Chevron* cannot be reconciled with the APA.").  That *statutory* holding does not guide the present constitutional dispute.

*Second*, Suniga asserts that Section 2254(d)(1)'s framework is "worse" that *Chevron* deference because it authorizes "state-court judges … to make federal *constitutional* law binding on federal courts."  ECF No. 55, at 3-4.  As he tells it, state jurists are "'too little independent to be relied upon'" when adjudicating constitutional questions and are subject to "'the bias of local views and prejudices.'"  *Ibid*. (quoting Federalist Nos. 22 & 81).

This critique fails on two fronts.  First, as already explained, Section 2254(d)(1) restricts the circumstances under which federal habeas relief may be awarded.  The statute does not require federal court deference to the state court's construction of a constitutional provision or federal statute.  *See* p. 8, *supra*.  Second, and in any event, the Supreme Court has directed the lower federal courts to "afford unwavering respect" to criminal judgments

entered by their state-court counterparts.  *Shinn*, 596 U.S. at 390.  That reflects the well-worn federalism principle that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system."  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  *Loper Bright* does not speak to, much less abrogate, that directive.

**Third**,  Suniga invokes *Marbury*, *see* ECF 55, at 5-6, but the Fifth Circuit in *Cobb* already rejected this *Marbury*-based attack on Section 2254(d)(1).  *See* 682 F.3d at 374-377.

In any event, *Marbury* addressed a statute that expanded the Supreme Court's original jurisdiction to include issuance of writs of mandamus to federal officials, in violation of Article III.  *See* 5 U.S. (1 Cranch) at 173-176.  The Court concluded that Congress lacked the "power … to assign original jurisdiction to [the Supreme] Court in other cases than those specified in" Article III.  *Id*. at 174.  In *Ex parte Bollman*, decided four years later, the Court made clear that Congress has the authority to define the scope of federal habeas relief.  *See* 8 U.S. (4 Cranch) at 94 ("[T]he power to award the writ by any of the courts of the United States[] must be given by written law").  And, as explained above, that authority includes the power to limit the availability of habeas as a remedy for state prisoners absent a particular showing.

**Fourth,** Suniga cites (ECF No. 55, at 6) the *Loper Bright*'s observation that, "[s]ince the start of our Republic, courts have decided questions of law and interpreted constitutional and statutory provisions by applying their own legal judgment."  144 S. Ct. at 2261 n.4 (internal quotation marks, brackets, alterations, and citation omitted).  That

historical principle informed the Court's conclusion that "agencies have no special competence in resolving statutory ambiguities" and, therefore, merit no special deference. *Id.* at 2266. But that historical principle does not apply here because, as explained above, federal courts lacked authority to review state-court judgments during the Founding era. *See supra* pp. 5-7. In any event, Section 2254(d)(1)'s remedial limitations do not impair the federal courts' "'independent obligation to say what the law is'" during habeas proceedings. *Williams*, 529 U.S. at 411 (citation omitted); *see also supra* p. 8.

  **Fifth,** Suniga quotes (ECF No. 55, at 7) a passage from a concurring *Loper Bright* opinion where Justice Gorsuch found no support for the principle that "a court had to 'defer' to any 'reasonable' construction of an 'ambiguous' law that an executive agency might offer." 144 S. Ct. at 2283. This citation elides a critical distinction. Justice Gorsuch detected a separation-of-powers problem in *Chevron* because "[i]t force[d] judges to abandon the best reading of the law in favor of views of those presently holding the reins of the Executive Branch." *Id.* at 2285. Because Section 2254(d)(1) does not mandate deference to any Executive Branch actor or agency, it does not offend the separation-of-powers analysis in Justice Gorsuch's concurrence. *Cf. Shoop v. Cunningham*, 143 S. Ct. 37, 37 (2022) (Thomas, Alito, and Gorsuch, JJ, dissenting from the denial of certiorari) (objecting that "the Sixth Circuit once again flouted the deferential standard of review demanded by the Antiterrorism and Effective Death Penalty Act").

* * *

  "Congress may constitutionally grant federal courts habeas jurisdiction over collateral challenges to state convictions and yet limit the availability of the remedy to

exceptional circumstances." *Cobb*, 682 F.3d at 376-377.  In enacting Section 2254(d)(1), Congress did just that.  The statute leaves to the courts the judicial functions of interpreting the law and applying it to the facts to determine whether habeas relief is warranted in a particular case, under the statutory standard.  For these reasons, Section 2254(d)(1) respects the division between legislative and judicial functions that Article III requires.  *Loper Bright* says nothing to the contrary.

## IV.   CONCLUSION

This Court should affirm Section 2254(d)(1)'s constitutionality.

*Signature on next page*

Respectfully submitted,

NICOLE M. ARGENTIERI                    LEIGHA SIMONTON
Principal Deputy Assistant Attorney     UNITED STATES ATTORNEY
General
                                        */s/ George M. Padis*
LISA H. MILLER                          GEORGE M. PADIS
Deputy Assistant Attorney General       Assistant United States Attorney
                                        Texas Bar No. 24088173
DAVID M. LIEBERMAN                      1100 Commerce St., Third Floor
Attorney, Appellate Section             Dallas, Texas 75242-1699
Criminal Division                       214.659.8645
U.S. Department of Justice              Fax: 214.659.8807
                                        george.padis@usdoj.gov


## CERTIFICATE OF SERVICE

I certify that, on November 27, 2024, I served an electronic copy of this pleading on all counsel of record via the Court's ECF system.

*/s/ George M. Padis*
George M. Padis